FILED

MAY 09 2012

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GREGORY P. ALLIS, ) | Civ. 12-4090-LLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING LEAVE TO |
| ) | PROCEED IN FORMA PAUPERIS |
| CAMBRIDGE PROPERTY ) | AND DISMISSING CASE |
| MANAGEMENT CO.; ) | |
| JENNIFER WOOD, Employee of Cambridge ) | |
| Property Management Co.; and ) | |
| BRENT HAMILTON, Employee of ) | |
| Cambridge Property Management Co.; ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Gregory P. Allis, moves for leave to proceed in forma pauperis in his pro se lawsuit against defendants. Allis also moves for a temporary restraining order.

I.  **Motion for Leave to Proceed In Forma Pauperis**

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). The majority of Allis's income is derived from disability and housing assistance payments. Docket 4. After his monthly expenses, he is left with approximately $350 a month. *Id.* Thus, Allis has made the requisite financial showing for in forma pauperis status.

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are "(i) frivolous or malicious; (ii) fail to state a claim on which

relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b). "Although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993). Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). If the allegations in a pro se complaint are not sufficient to "nudge [ ] claims across the line from conceivable to plausible, [the] complaint must be dismissed" for failure to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Allis asserts three claims against defendants: "(1) vindictive interference with employment; (2) terroristic threats of loss of contract; and (3) denying plaintiff the right to gainful employment within plaintiff's physical limitations, which as a disabled veteran is hard anyway." Docket 1, Complaint, at 1. Broadly construed, Allis appears to be asserting a claim that he was denied employment because of his physical limitations, or disability.

Title I of the ADA prohibits discrimination in employment against qualified individuals with disabilities. *See* 42 U.S.C. § 12112. To establish a prima facie case of disability discrimination, Allis must that (1) he has a disability within the meaning of the ADA, (2) he is qualified to perform the essential functions of the job, with or without reasonable accommodation, and (3) he suffered an adverse employment action because of his disability. *McPherson v. O'Reilly Automotive, Inc.*, 491 F.3d 726, 730 (8th Cir. 2007) (citing *Conant v. City of Hibbing*, 271 F.3d 782, 782 (8th Cir. 2001)). Allis has not pleaded facts in support of his assertion that he has been denied "gainful employment" within his "physical limitations." For this reason, his claim is subject to dismissal pursuant to 28 U.S.C. § 1915. *See Allen*, 5 F.3d at 1153. The court also notes that exhaustion of administration remedies is required to bring a claim under Title I of the

ADA. *See Randolph v. Rodgers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001). Allis has not asserted that he filed a timely charge of discrimination with the EEOC or that he has received a right to sue letter. Thus, he has failed to state a claim upon which relief may be granted and his complaint is dismissed without prejudice to his right to refile the claim with more detailed factual allegations after exhaustion of EEOC administrative procedures.

## II. Motion for Temporary Restraining Order

Allis also seeks a temporary restraining order. In his motion, Allis asks that the court issue an "immediate cease and desist order" against defendants so his "former employer, Eddie Noor, can rehire [him] without threat of retaliation . . . with either loss of contract or eviction of [Allis] as the job is at the property [Allis] reside[s] at." Docket 6. But because Allis's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2), his request for a temporary restraining order is moot. Therefore, it is

ORDERED that Allis's motion for leave to proceed in forma pauperis (Docket 4) is granted.

IT IS FURTHER ORDERED that Allis's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that Allis's motion for a temporary restraining order (Docket 6) is denied as moot.

Dated this 9th day of May, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summa Wahufu
DEPUTY